**Texas Department of Transportation**

RECEIVED JUL 0 3 2017

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

June 27, 2017

Colonial Freight Systems, Inc.
10924 McBride Lane
Knoxville, TN 37932

Re:  GCD No. 42745
     Cause No. 17-270-D
     Kleberg County
     Plaintiff: Jason Fasching
     Defendant: Colonial Freight Systems, Inc.

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition & Requests for Disclosure on June 21, 2017.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:  W. Cullen McMahon
     Attorney at Law
     12221 Merit Drive, Suite 945
     Dallas, TX 75251
     Telephone (214) 810 4878

U.S. Certified Mail No. 7016 2070 0000 2912 5671
Return Receipt Requested

Exhibit B-1

RECEIVED JUL 0 3 2017

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| JENNIFER WHITTINGTON, DISTRICT CLERK<br>P.O. Box 312<br>Kingsville, Texas 78364-0312 | W. CULLEN MCMAHON, ATTORNEY AT LAW<br>12221 MERIT DRIVE, STE 945<br>DALLAS, TEXAS 75251 |

## THE STATE OF TEXAS

DUPLICATE TO BE SERVED

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: COLONIAL FREIGHT SYSTEMS, INC., by serving C/O TRYON LEWIS, TEXAS TRANSPORTATION COMMISSION
123 E. 11TH STREET
AUSTIN, TEXAS 78701

Defendant, Greeting:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE**
at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of said County in Kingsville, Texas.

Said Plaintiff's Petition was filed in said Court on the **17th** day of **May, 2017** in this case, numbered **17-270-D** on the docket of said court and styled,

**JASON FASCHING**
**VS**
**KEON V. AVANT AND**
**COLONIAL FREIGHT**
**SYSTEMS, INC.**

RECEIVED
JUN 21
GENERAL COU...

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kingsville, Texas, this the **9th** day of **June, 2017**.

JENNIFER WHITTINGTON, DISTRICT CLERK
KLEBERG COUNTY, TEXAS

By _____
Amelia Carbajal, Deputy Clerk

CITATION FOR PERSONAL SERVICE – 105th DISTRICT COURT

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ___ at _____ o'clock ___.M. and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times, to wit:

| NAME | DATE | TIME |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

And not executed as to the defendant
_____

and the information received as to the whereabouts of said defendant, being
_____

FEE-Serving $_____

SHERIFF/CONSTABLE
_____ County, Texas
By_____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____
on the _____ day of _____, 20 ___ at _____ o'clock ___.M. a copy of this Instrument.

SHERIFF/CONSTABLE
_____ County, Texas
By_____, Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation must sign the return. If he return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or signed under penalty of perjury. A return signed under penalty of perjury must contain the following statement:

My name is _____, my date of birth is _____, and my address is _____.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____ County, State of _____, on the _____ day of _____, 20_____.

_____
Declarant/ Authorized Process Server

_____
ID# & Expiration of Certification

E-Filed for Record
5/17/2017 12:14:11 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Amelia Carbajal

CAUSE NO. 17-270-D

RECEIVED JUL 0 3 2017

| | | |
|---|---|---|
| JASON FASCHING, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | KLEBERG COUNTY, TEXAS |
| KEON V. AVANT and | § | |
| COLONIAL FREIGHT | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | 105th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, JASON FASCHING, files this his Original Petition against Defendants, KEON V. AVANT and COLONIAL FREIGHT SYSTEMS, INC., and alleges as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure 169 because the relief sought is more than $100,000.

### RELIEF

2. As required by Texas Rules of Civil Procedure Rule 47(c), Plaintiff's counsel states that Plaintiff seeks monetary relief over $1,000,000; however, a jury will ultimately determine the amount of monetary relief awarded.

### PARTIES

3. Plaintiff, JASON FASCHING, is an individual who resides in Mexico, Missouri. JASON FASCHING is the son of HELEN CORDAWAY, deceased.

4.      Defendant, KEON V. AVANT, is an individual who resides in Maben, Mississippi, Canada, that may be served with citation at 22022 HWY 50 West, Maben, MS 39750, or wherever Defendant may be found. Pursuant to CPRC Sec. 17.061 et seq., the chairman of the Texas Transportation Commission is an agent for service on a person who is a nonresident of Texas. Chairman Tryon Lewis can be served at the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

5.      Defendant, COLONIAL FREIGHT SYSTEMS, INC., is an Alabama corporation doing business in the state of Texas, whose home office is located at 10924 McBride Lane, Knoxville, TN 37932, and doing business in the state of Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201, or wherever Defendant may be found. Pursuant to CPRC Sec. 17.061 et seq., the chairman of the Texas Transportation Commission is an agent for service on a person who is a nonresident of Texas. Chairman Tryon Lewis can be served at the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

## VENUE

6.      Venue of this action is proper in Kleberg County, Texas pursuant to § 15.001 of the Texas Civil Practice and Remedies Code as all or part of Plaintiff's cause of action occurred in Kleberg County, Texas.

## FACTUAL BACKGROUND

7.      On or about May 27, 2015, at approximately 3:34 PM, HELEN CORDAWAY was crossing Highway 77 on Farm to Market Road 1717, near Kingsville, Texas, when the tractor-

trailer being driven by KEON V. AVANT struck HELEN CORDAWAY'S vehicle, causing a collision.

8. COLONIAL FREIGHT SYSTEMS, INC. was the owner of 2014 Volvo the tractor-trailer driven by KEON V. AVANT.

9. Because of the collision, HELEN CORDAWAY sustained significant personal injury resulting in her death.

### RESPONDEAT SUPERIOR AND RATIFICATION

10. Whenever in this Petition it is alleged that Defendant(s) did any act or thing, it is meant that each of Defendants' officers, agents, servants, employees, or representatives did such act and/or that at the time such act was done, it was done with the full authorization or ratification of the defendant, or was done in the normal and routine course and scope of employment of each of Defendants' officers, agents, servants, employees, or representatives.

11. COLONIAL FREIGHT SYSTEMS, INC. was not only vicariously liable for the conduct of KEON V. AVANT, its employee, but was also independently negligent in hiring, training and retaining KEON V. AVANT, and was negligent in entrusting him with a tractor-trailer.

### CAUSE OF ACTION - NEGLIGENCE

12. The occurrence made the basis of this suit, referred to hereinabove, and the resulting injuries and damages to HELEN CORDAWAY and JASON FASCHING were proximately caused by the negligent conduct of Defendants in one or more of the following respects:

    a) Failing to timely apply the brakes.

b) Failing to maintain a proper lookout.

c) Failing to devote full time and attention to operation of Defendants' vehicle.

d) Failing to maintain proper control of Defendants' vehicle.

e) Failing to turn the vehicle to avoid the collision.

f) Driving Defendants' vehicle at a rate of speed greater than an ordinarily prudent person would have driven under similar circumstances.

13. Each of these acts and/or omissions, either singularly or in combination with others, constituted negligence that proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## Wrongful Death

14. Furthermore, Defendants are liable to Plaintiff under the Texas Wrongful Death Act. Chapter 71 of the Texas Civil Practice & Remedies Code. As a result of Defendants' actions and the death of HELEN CORDAWAY, Plaintiff JASON FASCHING (son) has suffered damages in the past and will suffer damages in the future as further detailed below.

15. Plaintiff will continue to suffer from these injuries and damages for the rest of Plaintiff's life, and seeks compensation for such future damages.

## Wrongful Death Damages

16. Plaintiff sustained personal injuries and damages proximately caused by the negligence of Defendants, as set forth above, including but not limited to:

a) Mental anguish, past and future;

b) Grief and bereavement, past and future;

c) Loss of companionship and society, past and future;

    d) Loss of financial contributions, past and future;

    e) Loss of services, past and future;

    f) Loss of advice, care and counsel, past and future;

    g) Loss of inheritance;

    h) Medical expenses; and

    i) Funeral and burial expenses.

17.    Plaintiff states for notice purposes that by this pleading he is claiming all damages to which he is entitled under Texas law.

## REQUEST FOR DISCLOSURE

18.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days of the service of this request upon Defendant, the information or material described in Rule 194.2.

## PRAYER

19.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that on final trial Plaintiff have and recover:

    a) Judgment against Defendants, jointly and severally, in a sum more than the minimum jurisdictional limits of the Court for Plaintiff's actual damages;

    b) Pre-judgment interest;

    c) Post-judgment interest;

    d) Costs of court; and

    e) All such other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

W. CULLEN MCMAHON, PLLC

BY: _____
W. Cullen McMahon
Texas Bar No. 24079760
12221 Merit Drive, Suite 945
Dallas, Texas 75251
(214) 810-4878 – Telephone
(214) 810-4879 – Facsimile
cullen@mcmahonlawfirm.com

ATTORNEY FOR PLAINTIFF